JuofeE Owsley
delivered the opinion.
After judgment of eviction was rendered against Young, in a'd action Of ejectment brought by Murray, the former applied for and obtained from the court an order appointing coníntiséioriers to assess the value of the improvements, &c. under the law concerning occupying claimants of land; but the right of Murray to object to the propriety of appointing the cbmtnissioners, was expredsly refused by the order of the court.
The commissioners accordingly went upon the land, assessed the Value of the improvements, &c. and, having made their report, the coiirt, on the motion of Murray, quashed the report, and made an order setting aside the one previ, busly made, appointing the commissioner! Y'ourig then a-gairi applied for the appointment of commissioners; but the court being of opinion that his case was not embraced by the provisions of the occupying claimant law, overruled bis motion. Exceptions were taken to the opinion of the édurt, aód the evidence, produced on the motion, was spread upon the record.
The main and only question presented for the decision of this court, involves an enquiry into Young’s right to the appointment of commissioners.
We think he has shewn no right to such an appointment; There is a total lack of evidente conducing to prove that die land for which the judgment of eviction was rendered against Young, Was seated by him, under á claim either in law or equity, founded upon any public record. The ouly record evidence of any claim existing at the commencement of the ejectment against Young, consists of the following county Court certificate: — “No. 120. Logan county, set. July co'unty Court, 1801 — Agreeable to anactof assembly in that case made and provided therein, granted to Christopher Young 200 dcies of land, agreeable to thé following entry: — Christopher Young locates 200 áfcres of land lying on Green river, beginning át a beech, runfling with the river, and out for quantity.” But there is no evidence in the record calculated to prove that Young either seated the land now in contest, under this certificate, or that it is included in the location therein described.
Since the commencement of the ejectment, if is thlg/ *59 foaug, by causing a survey to be made under an entry made also with the surveyor since the commencement of the ejectment, but which entry purports to have been made on the county court certificate, has identified'his possession with a claim of record; but that survey, as it has been made since the commencement of Murray’s suit, cannot confer upon Young a right under the occupying claimant lavy to compensation for improvements; nor can the description contained in that survey conduce to prove that the land contained therein is the same for which the county court certificate was granted.
The occupying ciüiíiv ant law does not cover cases where the claim is acquired subsequent to’ suit brought, or where the occupant fails to identify ⅛ previous claim with his pcssefs ion.
Bibb for appellant, Crittenden for appellee.
It results, therefore, that-Young shewed no right to the appointment of commissioners, and that the court consequently decided coneclly in setting aside the order first made, and in subsequently refusing to appoint commissioners to assess the value of the improvements, &;c.
The judgment must be affirmed w ith costs.